UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAMIMA YASMIN,                                            CASE NO.:

      Plaintiff,

v.

TRIPLE T II, INC. d/b/a Mobil, a
Florida Profit Corporation,

      Defendant.                                      /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHAMIMA YASMIN, by and through the undersigned attorney, sues the Defendant, TRIPLE T II, INC. d/b/a Mobil, a Florida Profit Corporation, and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid minimum wages and proper overtime compensation, liquidated damages, and all other applicable relief pursuant to Fla. Const. Art. X § 24, and the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff was an employee who worked for Defendant within the last three years in Polk County, Florida.

3. Plaintiff worked for Defendant from around April 2018 to August

1

2018 as an hourly paid employee at an hourly rate of $10.00 per hour.

4. Plaintiff worked as a Cashier/Manager for Defendant.

5. At all times material to this cause of action, Defendant was an enterprise subject to the Florida Constitution's provision on minimum wages and the FLSA.

6. At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

7. Defendant is a Florida Profit Corporation that operates and conducts business in Polk County, Florida and is therefore, within the jurisdiction of this Court.

8. Defendant operates as a gas station in Winter Haven, Florida.

9. This action is brought under the FLSA to recover from Defendant minimum wage and overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

10. This Court has original jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and the FLSA. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

12. During Plaintiff's employment, Defendant employed at least two

employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including but not limited to cash registers, telephones, cleaning supplies, and other tools/materials used to run the business.

13. Therefore, at all material times relevant to this action, Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. §203(r) and 203(s), and Fla. Const. Art. X § 24.

## Minimum Wage and Overtime Violations

14. At all times relevant to this action, Defendant failed to comply with Fla. Const. Art. X § 24 and the FLSA because Plaintiff performed services for Defendant for which she was not paid full minimum wages and no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

15. During her employment with Defendant, Plaintiff was not paid at least minimum wage during one or more weeks.

16. During her employment with Defendant, Plaintiff worked overtime hours during one or more weeks.

17. During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

18. Plaintiff is entitled to at least minimum wage for all hours worked by her on Defendant's behalf.

19. Plaintiff is also entitled to her regular rate of pay ($10.00/hour) plus the half-time premium ($5.00/Overtime hour) for all hours worked in excess of forty (40) per week.

20. Based upon the above policies, Defendant has violated Fla. Const. Art. X § 24 by failing to pay the full minimum wage for each hour worked.

21. Based upon the above policies, Defendant has violated the FLSA by failing to pay complete overtime pay for each hour worked over forty (40) per week.

22. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

23. Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

24. All conditions precedent to this action have been performed or waived.

### COUNT I - RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)

25. Paragraphs one (1) though twenty-four (24) are fully re-alleged and incorporated herein.

26. Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

27. Florida's minimum wage rate during the applicable time period was $8.25 per hour.

28. During her employment with Defendant, Plaintiff was not always paid the minimum wage for each hour of work performed in violation of Fla. Const. Art. X § 24.

29. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

30. Defendant did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

31. As a result of Defendant's willful violation of the law, Plaintiff is entitled to liquidated damages in an amount equal to the unpaid wages.

32. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, SHAMIMA YASMIN, demands judgment against Defendant for the payment of all unpaid minimum wages for which Defendants did not properly compensate, damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FLSA)

33. Paragraphs one (1) through twenty-four (24) are fully re-alleged and incorporated herein.

34. Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

35. During her employment with Defendant, Plaintiff was not paid the minimum wage for each week of work performed in violation of the FLSA.

36. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

37. Defendant did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

38. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

39. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, SHAMIMA YASMIN, demands judgment against Defendant for the payment of all unpaid minimum wages for which Defendant did not properly compensate her, liquidated damages, reasonable

6

attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### COUNT III - RECOVERY OF OVERTIME COMPENSATION (FLSA)

40. Paragraphs one (1) through twenty-four (24) are fully realleged and incorporated herein.

41. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

42. During her employment with Defendant, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

43. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

44. Defendant did not have a good faith basis for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week.

45. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

46. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, SHAMIMA YASMIN, demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 14th day of May, 2019.

/s/ JOLIE PAVLOS, ESQ.
Jolie Pavlos, Esq.,
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone: (407) 245-3517
Facsimile: (407) 204-2206
Email: jpavlos@forthepeople.com
*Attorneys for Plaintiff*