UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAMIMA YASMIN,

    Plaintiff,

v.                                                                  Case No: 8:19-cv-1158-T-36AAS

TRIPLE T II, INC.,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court upon Plaintiff's Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law in Support (Doc. 11). Defendant did not respond and the time to do so has elapsed. In the motion, Plaintiff contends that she is entitled to a default final judgment, including an award of attorneys' fees and costs. Doc. 11. The Court, having considered the motion and being fully advised in the premises, will grant the motion.

**I.    PROCEDURAL HISTORY AND BACKGROUND FACTS**

    **A.    Procedural History**

On May 14, 2019, Plaintiff Shamima Yasmin ("Yasmin") filed the Complaint and Demand for Jury Trial (Doc. 1) against Defendant Triple T II, Inc. d/b/a Mobil ("Mobil") that alleged one count for violation of Florida's constitutional minimum wage provision, Fla. Const. Art. X § 24, a second count for violation of the minimum wage provision of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"), and a third count for violation of the FLSA's overtime pay requirements. Doc. 1 ¶¶ 25-46. Mobil's registered agent was served with the Complaint on June 11, 2019. Doc. 8. Mobil failed to plead or otherwise respond to the Complaint and a clerk's default was entered against Mobil on July 8, 2019. Doc. 10.

B.   **Facts**

On or about April 2018, through approximately August 2018, Plaintiff worked at Mobil as a cashier/manager. Doc. 1 ¶¶ 3-4; Doc. 11-1 ¶ 5. She was paid an hourly rate of $10.00 per hour. Doc. 1 ¶ 3. Although Plaintiff worked hours in excess of forty per work week during one or more work weeks, she was not paid time and one-half of her regular rate of pay for those hours. *Id.* ¶ 17. Nor was she paid at least $8.25 per hour for each hour worked. *Id.* ¶ 28. Plaintiff recorded her hours by writing them down on a sheet of paper and providing that paper to her manager. Doc. 11-1 ¶ 7.

Plaintiff worked on average fifty-four hours per week. *Id.* ¶ 9. Defendant paid Plaintiff in cash, leaving her with no record of the payments. *Id.* ¶ 10. Nonetheless, Plaintiff recalls that she received only four payments during her employment. *Id.* The first payment was for $1,140.00 in April 2018; the second payment was for $500.00 in August 2018; the third payment was for $300.00 in September 2018; and the fourth payment was for $300.00, also in September 2018. *Id.*

II.   **LEGAL STANDARD**

A default judgment may be entered when "the party against whom a judgment . . . is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Thomas v. Bank of Am., N.A.*, 557 Fed. Appx. 873, 875 (11th Cir. 2014) (quoting Fed. R. Civ. P. 55 (a)). Allegations in a well-pleaded complaint are established as fact on entry of a default judgment, as long as there is a stated claim that allows for relief and jurisdiction is established. *See GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002). A well-pleaded complaint contains more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). There must be sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face. Id. (quoting *Twombly*, 550 U.S. at 570).

### III. DISCUSSION

#### A. Clerk's Default

The Federal Rules of Civil Procedure provide that a corporation may be served in any manner accepted in the state where the district court is located. *Cohn v. Rotor Holdings, Inc.*, No. 2:17-cv-438-FtM-38CM, 2018 WL 3756965, at *1 (M.D. Fla. Feb. 27, 2018) (citing Fed. R. Civ. P. 4(h)(1), 4(e)(1)). Under Florida Statute Section 48.081, process may be served on a registered agent of the corporation or an employee of the registered agent. *Id.* (citing § 48.081(3)(a), Fla. Stat.). Pursuant to both the Federal Rules of Civil Procedure and the Florida Statutes, service upon a corporation is effective when delivered to a registered agent. Fed. R. Civ. P. 4(h)(1)(B); § 48.081(3)(a), Fla. Stat.

Here, the verified return of service indicates that on June 11, 2019 Mobil was properly served through its registered agent. Doc. 8; §§ 48.081(1)(a), (3)(a)-(b), 48.031, Fla. Stat. Mobil did not respond or otherwise defend the action and Plaintiff moved for a clerk's default against Mobil, which was properly entered. Doc. 9; Doc. 10.

#### B. Minimum Wage and Overtime Compensation

Plaintiff raises one claim under the Florida Constitution for violation of its minimum wage provision, and two claims under the FLSA, for violation of its minimum wage and overtime provisions. Doc. 1. The FLSA "requires employers who meet its preconditions to pay workers a minimum wage and to provide overtime pay where workers exceed forty hours per week." *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (citing 29 U.S.C. § 206(a) (minimum wage) and § 207(a) (overtime pay)). The FLSA also contains a provision

allowing employees to recover unpaid wages from an employer who violates the Act's provisions. 29 U.S.C. § 216(b).

To prevail on a claim for unpaid minimum wage and overtime wage under the FLSA, a plaintiff must show sufficient facts to demonstrate that (1) he or she was employed by the defendant; (2) the defendant is an enterprise engaged in interstate commerce so as to qualify for enterprise coverage, or the plaintiff qualifies for individual coverage; and (3) the defendant failed to compensate the plaintiff for the hours worked. *Sims v. UNATION, LLC*, 292 F. Supp. 3d 1286, 1292 (M.D. Fla. 2018). To prevail on a minimum wage claim under Florida law, the plaintiff must establish the same elements required by the FLSA. *McMillian v. Marstech Grp., Inc.*, No. 8:13-cv-1520-T-35TGW, 2013 WL 12394345, at *2 (M.D. Fla. Nov. 25, 2013).

### 1. Plaintiff was employed by Defendant

Pursuant to the statute, an "employee" is "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The term "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." *Id.* § 203(d). Defendant admitted that it employed Plaintiff as a cashier/manager from April 2018 to August 2018. Doc 1 ¶ 4. Accordingly, the first element is met.

### 2. Defendant is an Enterprise Covered by the FLSA

An employee must show either individual or enterprise coverage to be qualified for overtime compensation under the FLSA. *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006). Here, Plaintiff claims enterprise coverage, which exists when an "enterprise as a whole is 'engaged in commerce or in the production of goods for commerce.' "

*Diaz v. Jaguar Rest. Grp., LLC*, 649 F. Supp. 2d 1343, 1346 (S.D. Fla. 2009) (quoting 29 U.S.C. § 207(a)(1)). An enterprise is defined as one that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

29 U.S.C. § 203(s)(1).

The court cannot presume for enterprise coverage that the employer grosses over $500,000 annually. *Sandoval v. Fla Paradise Lawn Maint., Inc.*, 303 Fed. Appx. 802, 805 (11th Cir. 2008). However, if the complaint alleges that the gross annual revenues of the employer were over $500,000 that is enough for a court to make the determination on a motion for default judgment. *See Sandoval*, 2017 WL 693348, at *4. Here Plaintiff alleges that during her employment, Defendant earned more than $500,000 per year in gross sales. Doc. 1 ¶ 11.

With respect to interstate commerce, Plaintiff alleges—and Defendant admits—that Defendant "operates a gas station" and employed "at least two employees who were engaged in interstate commerce and/or handled good, materials, and supplies which traveled in interstate commerce, including . . . cash registers, telephones, cleaning supplies, and other tools/ materials used to run the business." *Id.* ¶¶ 8, 12. These facts show that the Defendant is an enterprise covered under the FLSA. *Kinzer v. Stelling*, No. 6:11-cv-465-Orl-28KRS, 2012 WL 1405694, at *2-3 (M.D. Fla. Mar. 28, 2012) (denying a motion to dismiss an FLSA complaint where the plaintiff alleged that the defendants owned and "operated a retail gas station/automotive repair shop/convenience store and repaired automobiles and sold gasoline and other consumable items

that had travelled in interstate commerce" because it was reasonable to assume that the customers traveled out of state in their vehicles).

### 3. Plaintiff was not Compensated for Hours Worked

Plaintiff established that she was entitled to minimum wage and overtime compensation because she was an employee employed by a covered employer. The FLSA provides that an employer shall not employ any of his employees for a workweek longer than forty hours unless the employee receives compensation for his employment in excess of the hours above those specified at a rate not less than one and a half times the regular rate at which he is employed. 29 U.S.C. § 207(a)(1).

Plaintiff now has the burden of establishing that she performed work for which she was not properly compensated. *Hammonds v. Age Management & Optimal Wellness, Inc.*, No. 8:16-cv-429-T-35AEP, 2017 WL 10276703, at *3 (M.D. Fla. Feb. 6, 2017) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946), superseded as in statute on other grounds as stated in *Integrity Staffing Solutions, Inc. v. Busk*, 135 S.Ct. 513 (2014)). Damages may be established by affidavit. *Sanchez v. Grundy Pizza, Inc.*, No. 6:16-cv-596-Orl-31GJK, 2017 WL 693348, at *5 (M.D. Fla. Feb. 2, 2017).

Plaintiff alleges, and Defendant admits, that Plaintiff worked overtime hours during one or more weeks. Doc. 1 ¶ 16. More specifically, Plaintiff submitted a declaration stating that on average, she worked fifty-four hours per week. Doc. 11-1 ¶ 9. Nonetheless, she was paid only $2,240. *Id.* ¶ 12; *Miranda v. Palms Hotels & Villas, LLC*, No. 6:06-cv-1902-Orl-28KRS, 2007 WL 3232242, at *4 (M.D. Fla. Oct. 31,2007) (relying on the plaintiff's affidavit in a default

judgment case because the employer's records were not available). At the time that Plaintiff worked for Defendant, the Florida minimum wage was $8.25 per hour.[1] Doc. 11 at 8.

At the minimum wage rate of $8.25 per hour for the first forty hours of work for sixteen weeks, Plaintiff should have been paid $5,280.00. Plaintiff additionally worked approximately fourteen hours of overtime each of those sixteen weeks. Her regular rate of pay was $10.00 per hour, making her overtime rate $15.00. Based on that rate, Plaintiff should have been compensated an additional $3,360.00. In total, Plaintiff should have been paid $8,640.00, but was paid only $2,240. Accordingly, she was underpaid by $6,400.

### 4. Liquidated Damages

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The Florida Minimum Wage Act contains a similar liquidated damages provision. § 448.110(6)(c)1. ("Upon prevailing in an action brought pursuant to this section, aggrieved persons shall recover the full amount of any unpaid back wages unlawfully withheld plus the same amount as liquidated damages . . . ."). In FLSA claims pertaining to unpaid minimum wage and overtime, "liquidated damages are mandatory absent a showing of good faith . . . ." *Garcia v. Anauel Catering, Corp.*, No. 17-22460-Civ-COOKE/GOODMAN, 2018 WL 1137100, at *1 (M.D. Fla. Jan. 31, 2018) (quoting *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 2987)).

---

[1] The Florida minimum wage was higher than the federal minimum wage for the relevant time period.

Plaintiff's Complaint alleges, and Defendant admits, that Defendant's acts were willful. Doc. 1 ¶ 29. Therefore, Defendant failed to meet its burden of showing good faith. *Sawicki v. Anauel Catering Corp.*, No. 17-22402-CIV-ALTONAGA/Goodman, 2017 WL 7796308, at *2 (S.D. Fla. Nov. 6, 2017) (stating that by failing to answer the complaint, which alleged that the defendant willfully violated the FLSA, the defendant failed to meet its burden of showing good faith). Accordingly, Plaintiff is entitled to $6,400 in liquidated damages. *Groeschel v. Casey Key Fish House, Inc.*, No. 8:18-cv-2500-T-33AAS, 2019 WL 1093450, at *5 (M.D. Fla. Feb. 27, 2019) (awarding an additional equal amount as liquidated damages on default judgment where the complaint alleged the defendant acting knowingly and willfully when it failed to comply with the FLSA).

**C.    Attorneys' Fees**

A court must award reasonable attorneys' fees and costs to a prevailing party under both the FLSA and Florida law. *Id.*; 29 U.S.C. § 216(b); § 448.110(6)(c)1. To calculate a reasonable award of attorney's fees, courts multiply the reasonable hourly rate by the reasonable hours expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 433-34, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In determining the lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing the requested rates are in line with the prevailing market rates by producing direct

evidence of rates charged in similar circumstances or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. At a minimum, satisfactory evidence consists of more than the affidavit of the attorney performing the work; instead, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.*

Plaintiff submitted her attorney's contemporaneously-prepared time records, which reflect 10.6 hours of attorney time expended on this matter. Doc. 11-3. The time records reflect time on such matters as review of the case, preparing a demand letter, investigation, settlement discussions, filing the Complaint, and preparing the filings in this matter. *Id.* None of the charges appear excessive, redundant, or otherwise unnecessary. The Court finds the time expended on this case to be reasonable.

Plaintiff seeks an hourly rate of $275 for her counsel. To support this amount, Plaintiff submitted an affidavit by her attorney, stating that she graduated law school in 2016, at which point she began practicing as a member in good standing of The Florida Bar. Doc. 11-2 ¶¶ 4-5. Counsel also attested to participating in various organizations and authoring articles, both during law school and while practicing. *Id.* ¶¶ ¶¶ 4, 8. She further stated that she was familiar with rates for other lawyers of her experience and expertise, and attested that $275 was a reasonable rate for such lawyers. *Id.* ¶ 9. Indeed, Plaintiff provided examples of cases where attorneys with similar experience received an hourly rate of $300 per hour. *Id.* ¶ 11.

The Court agrees that $275 is a reasonable hourly rate for Plaintiff's counsel. *Cf. Rosario v. AAA Sec. Protection, Inc.*, No. 8:14-cv-391-T-36AEP, 2015 WL 427533, at *3 (M.D. Fla. Feb. 2, 2015) (collecting cases showing that $300 per hour was a reasonable rate for more experienced attorneys). Accordingly, Plaintiff should be awarded $2,915.00 in attorneys' fees.

9

**D.     Costs**

As the prevailing party, Plaintiff is also entitled to an award of costs. 29 U.S.C. § 216(b). In FLSA cases, courts may award costs permitted under 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988) (determining that "nothing in the legislative history associated with section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C. § 1920."). Here, Plaintiff incurred $460.00 in recoverable costs. Doc. 11-2 ¶ 15; Doc. 11-4.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Entry of Default Final Judgment (Doc. 11) is **GRANTED.**

2. Plaintiff Shamima Yasmin is awarded damages in the amount of $6,400 in unpaid minimum wage and overtime wage; $6,400 in liquidated damages; $2,915 in attorneys' fees; and $460 in costs; for a total damages award of $16,175 against Defendant Triple T II, Inc. d/b/a Mobil.

3. The Clerk is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Tampa, Florida on January 27, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any